Reynaldo Francisco Marques
11791 Montecito Road
Los Alamitos, California [90720]
714-612-4669



LA **CV** 18   00 151- PS&

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Reynaldo Francisco Marques | ) Civil Docket No. _____ |
| | ) |
| Plaintiff | ) VERIFIED COMPLAINT OF |
| v. | ) JUDICIAL MISCONDUCT, |
| | ) PERJURY OF OATH, |
| Stephan V. Wilson, individually and in his | ) VIOLATION OF THE JUDICIAL |
| official capacity as Justice of the United | ) CANONS, AND CRIMES |
| States District Court, Michael B. Learned | ) AGAINST JUSTICE- |
| Esq. and Kristin A. Zilberstein Esq., | ) DEPRIVATION OF CIVIL |
| individually and in his/her official capacity as | ) RIGHTS-REQUEST FOR A |
| an officer of the Superior Court, U.S. Bank | ) PRELIMINARY AND |
| Trust; and Does 1-200 | ) PERMANENT INJUNCTION |
| | ) |
| Defendants | ) Demand for jury |
| | ) |
| | ) |
| | ) |



COME NOW Plaintiffs, Reynaldo Francisco Marques, in pro per, and for the Complaint against Defendants, states as follows:

## JURISDICTIONAL BASIS

1.     Jurisdiction of this court arises under Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution, and under 42 U.S.C. 1983 in sequence and seeking damages and redress be declaratory and injunctive relief as well

Verified Complaint
Page 1

RIGINAL

1  as the award of fees, if any, for the deprivation of rights under color of state law, or

2  rights guaranteed by the United States Constitution and the First, Fifth and Fourteenth

3  Amendments to the United States Constitution and for related common law and

4  statutory claims under the laws of the Commonwealth of California.  The Court has

5  jurisdiction over the Plaintiff's state law claims under U.S.C. § 1367(a).

6      2.     Venue is proper in the District, pursuant to 28 U.S.C. 1391(b) because

7  all of the Defendants reside or conduct business and litigation within this judicial

8  district and all of the claims asserted by Plaintiffs arose within this District.

9      3.     Plaintiff brings this action against STEPHEN V. WILSON, pursuant to

10  Title 28 U.S. Code § 1331, in claims arising from violations of federal constitutional

11  rights guaranteed in the First, Fifth, Eighth, Ninth and Fourteenth Amendments to the

12  U.S. Constitution and redressable pursuant to *Bivens v. Six Unknown Narcotics Agents*

13  403 U.S. 388 (1971).

14      **4.**     Plaintiff brings this suit pursuant to Title 42 U.S. Code § 1983 for

15  violations of certain protections guaranteed to him by the First, Fifth, Eighth, Ninth

16  and Fourteenth Amendments of the federal Constitution, by the defendants Matthew

17  Learned and Kristin A. Zilberstein, Esq. under color of law in his/her capacity as an

18  officer of the Superior Court of California.

19  **THE PARTIES**

20      5.     Plaintiff Reynaldo Francisco Marques is a natural person and the owner

21  of the real property located at 2117 Grant Ave # 3., Redondo Beach, Los Angeles

22  County, California.

23      6.     Defendant, STEPHEN V. WILSON, is a Judge presiding at U.S. District

24  Court, Central District of California.

25      7.     MATTHEW B. LEARNED, Esq., is an attorney with offices at

26  McCarthy and Holthus, LLP, 1770 Fourth Avenue, San Diego, California 92101.

27      8.     KRISTIN A. ZILBERSTEIN, Esq. is an  attorney with offices at

28  McCarthy and Holthus, LLP, 1770 Fourth Avenue, San Diego, California.

9.     Defendant U.S. BANK TRUST, N.A. is a foreign corporation and financial institution or bank with corporate offices in Minnesota.

**10.**     The party or parties who make this Complaint were within the jurisdiction of the United States of America and at all times alleged herein.  The Defendants are sued individually and officially.

### FACTS COMMON TO ALL COUNTS

11.     Each and every allegation set forth in each and every averment of this complaint is hereby incorporated by this reference in each and every other averment and allegation of this Complaint.

12.     Plaintiff was deprived of an interest protected by the Constitution or laws of the United States, and defendants caused any such deprivation while acting under color of state law.

13.     All acts or omissions alleged to have been engaged in by any defendant are alleged to have been engaged in with wrongful motive and intent, and in callous, reckless, and wanton disregard to the rights of plaintiff.

14.     At all times applicable, Defendants have been subject to the Federal Trade Commission Act, 15 U.S.C. 41 et seq (FTC), The Real Estate Settlement Procedures Act ("RESPA"), The Truth in Lending Act 15 U.S.C. 1601 (TILA), The Fair Debt Collection Practices Act 15 U.S.C. 1692 (FDCPA) and The Fair Debt Collection Practices Act 15 U.S.C. 1692 (FDCPA)

15.     Defendants State of California, and United States knowingly, or grossly negligently, or deliberately indifferently to the constitutional rights of persons within the jurisdiction of United States of America, maintained or permitted an official policy or custom of permitting the occurrence of the types of wrongs set forth herein below, and, based on the principles set forth in *Monell v. New York City Department of Social Services* 436 U.S. 658 (1978), is liable for all injuries sustained by any plaintiff as set forth herein below.

### STATEMENT OF CASE

Verified Complaint
Page 3

16.    That defendant, U.S. Bank Trust, by and through and with the assistance of defendant, Kristin A. Zilberstein, Esq., brought a fraudulent motion for relief from the bankruptcy stay, with full knowledge of bankruptcy judge Mark S. Wallace and Kristin A. Zilberstein, Esq., that, as a matter of record, **there was no bankruptcy stay in place**, as admitted by movant's attorney, Mr. David Lally, Esq., in open court at the conclusion of the hearing (see Exhibit "J" attached).

17.    That defendant, Kristin A. Zilberstein, Esq., had a duty to verify that the bankruptcy stay was in place prior to filing U.S. Bank Trust's motion for relief from stay, but, failed to do so.  Zilberstein therefore with malice of forethought, brought a fraudulent motion for relief from stay where there was no bankruptcy stay in place, to obtain a void order issued by Judge Mark Wallace, legitimizing U.S. Bank Trust's claim.

18.    As Marques et al stated on page 4 or their verified motion to dismiss, Case No, 2:17-CV-05534-SVW-MRW: "The putative Order lifting the bankruptcy stay is void, due to violation of Defendants' due process rights, the bankruptcy court's failure to adhere to precedent cited below and due to attorney for U.S. Bank Trust Mr. Lally's admission that **no bankruptcy stay was in place prior to U.S. Bank Trust bringing its unnecessary motion to lift stay. Thus the only possible reason for U.S. Bank Trust to bring its unnecessary MLS was to obtain a (void) court order legitimizing U.S. Bank Trust's void and fraudulent claim to be the holder and beneficiary.**

19.    In his verified motion to dismiss, Docket # 17, District Court, Case No, 2:17-CV-05534-SVW-MRW (see Exhibit "A") Reynaldo Marques stated, "The putative Order lifting the bankruptcy stay is void, due to violation of defendants' [Reynaldo, Anne and Ricardo Marques'] due process rights, the bankruptcy court's failure to adhere to precedent cited below and due to attorney for U.S. Bank Trust, Mr. Lally's admission that **no bankruptcy stay was in place prior to U.S. Bank Trust bringing its unnecessary motion to lift stay.** (See Exhibit "J" Transcript of hearing).

1   That no stay was in place was a matter of record that Judge Mark S. Wallace and

2   attorney Zilberstein knew or should have known. Thus the only possible reason for

3   U.S. Bank Trust to bring its unnecessary MLS was to obtain a (void) court order

4   legitimizing U.S. Bank Trust's void and fraudulent claim to be the holder and

5   beneficiary."

6       20.    That defendant, U.S. Bank Trust, by and through defendant, Matthew B.

7   Learned filed a complaint for Declaratory Relief, for Cancellation of Substitution of

8   Trustee, Cancellation of Reconveyance, Fraud, State case No.YC072199 (now

9   removed to U.S. District Court, Case No, 2:17-CV-05534-SVW-MRW), entitled U.S.

10  Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust v. Reynaldo F.

11  Marques, Anne M. Marques, et al. (hereinafter the underlying matter) on July 20,

12  2017, seeking to gain cancellation of the Substitution of Trustee, and of the

13  Reconveyance.

14      21.    That defendant, Matthew B. Learned had a duty to verify that plaintiff

15  submitted all necessary proof of standing, including the original note, which is not in

16  evidence in Case No.2:17-CV-05534-SVW-MRW, but, failed to do so.  Learned

17  therefore with malice of forethought, brought a fraudulent claim, supported by a

18  fraudulent and void ruling issued by judge, Mark Wallace.

19      22.    Defendant, U.S. Bank Trust, N.A., ("U.S. Bank") in its complaint,

20  falsely alleged that, JPMorgan Chase Bank, N.A. ("Chase") assigned the alleged

21  "loan" to U.S. Bank Trust as trustee of the alleged LSF9 Master Participation Trust, as

22  evidenced by two alleged "California Assignments" of the subject deed of trust

23  ("DOT"), which DOT, according to the public record, was actually reconveyed by the

24  subject documents (Substitution of Trustee and Reconveyance) recorded on the public

25  record in 2011.

26      23.    The ruling by Judge Mark Wallace in case number 8-12-bk-22571-MW,

27  lifting the bankruptcy stay where there was no stay, and, where the court had no

28  jurisdiction, is utterly void and a fraud upon the court. A court without jurisdiction

1 │ may not purport to hear a motion for relief from stay, **where there is no stay in place**.

2 │     24.    Thus, Judge Mark Wallace's memorandum (see exhibit "C" attached)

3 │ finding that defendant, Marques, had committed crimes, and the orders lifting stay are

4 │ utterly void *ab initio* and without effect and not merely voidable, due to fraud upon the

5 │ court, in violation of Penal Code 182 subdivision 4, due to lack of jurisdiction and

6 │ Mark Wallace's failure to prove up jurisdiction after challenge of same by Marques.

7 │     25.    Pursuant to FRCP Rule 8(d), that U.S. Bank Trust admitted is not the

8 │ holder and is without standing to bring its complaint.

9 │     26.    Based on an investigation, plaintiff has probable cause to believe that

10 │ U.S. District Court Judge Stephen Wilson violated the following: 18 USC § 241,

11 │ Deprivation of Rights under Color of Law, 18 USC § 1346, Honest Services Fraud, 5

12 │ USC § 502, Limitations on Outside Employment.

13 │     27.    On August 25, 2017, Reynaldo Marques, et al, filed their Verified

14 │ Motion to Dismiss With Prejudice Case No.2:17-CV-05534-SVW-MRW Due to U.S.

15 │ Bank's Lack of Standing and Court's Lack of Jurisdiction to Hear Complaint.

16 │     28.    On September 11, 2017 U.S. Bank Trust filed its Opposition to

17 │ Marques's Motion to Dismiss. On September 18, 2017 Marques et al filed their Sur

18 │ Reply to U.S. Bank's Opposition, pointing out that U.S. Bank had failed to prove-

19 │ up standing in its Opposition and failed to prove-up jurisdiction, each of which are

20 │ threshold issues.

21 │     29.    On September 29, 2017, defendant, Stephen V. Wilson took

22 │ Marques's motion to dismiss and motion in limine off calendar and in

23 │ chambers entered an order denying the Marques et al's verified motion.

24 │     30.    Pursuant to precedent established at *Hagins vs Levine*, Stephen V.

25 │ Wilson's court was required to prove-up jurisdiction, but failed to do so, stating

26 │ only that "The motions are denied based on the reasons set forth in Plaintiff's [i.e.

27 │ U.S. Bank Trust] opposition." **See *Hagins vs Levine* 415 US 533 note 3 (1974).**

28 │ **"Once challenged, jurisdiction cannot be assumed, it must be proved to exist."**

31.     The record of Case No.2:17-CV-05534-SVW-MRW shows that U.S. Bank Trust's Opposition to the motion to dismiss failed to prove-up standing as required. A federal court may exercise jurisdiction over a litigant only when that litigant meets constitutional and prudential standing requirements. *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 11 (2004). Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Judge Wilson held proceedings without constitutional and prudential standing.

32.     Judge Stephen V. Wilson disregarded Marques et al's challenge of U.S. Bank Trust's standing, and court's lack of jurisdiction, and did not follow the law in his rulings: When a judge does not follow the law, i.e. he is a trespasser of the law, the judge loses subject- matter jurisdiction and the judge's orders are void, of no legal force or effect. The U.S. Supreme Court, in *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974).

33.     Courts are constituted by authority and they cannot go beyond the power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void, and this even prior to reversal. *Elliott v. Peirsol*, 1 Pet. 328, 340, 7 L. Ed. 164; *Old Wayne Mut. I. Assoc. v McDonough*, 204 U.S. 8, 27 S.Ct. 236 (1907); *Williamson v Berry*, 8 How. 495, 540, 12 L.Ed. 1170, 1189 (1850); *Rose v Himely, 4 Cranch* 241, 269, 2 L.Ed. 608, 617 (1808). A court "cannot confer jurisdiction where none existed and cannot make a void proceeding valid." *People ex rel. Gowdy v Baltimore & Ohio R.R. Co.*, 385 Ill. 86, 92, 52 N.E.2d 255 (1943). **Judgments entered where the court lacked either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside.**

34.     Under the authorization of *In re Bernard*, 31 F.3d 842, 843, (9th Cir., Jul 29, 1994) the court held, "Under the canons of judicial ethics, every judicial

officer must satisfy himself that he is actually unbiased toward the parties in each case and that his impartiality is not reasonably subject to question." After multiple challenges of court's jurisdiction, and Stephen V. Wilson's repeated failure to prove-up jurisdiction as required, the record of Case No.2:17-CV-05534-SVW-MRW shows that Stephen V. Wilson exhibited extreme bias against Reynaldo Marques, et al., and cooperated with U.S. Bank Trust and Matthew B. Learned in bringing a fraud upon the court.

35.    In *Porter v. Singletary*, 49 F.3d 1483, 1489 (11th Cir.(Fla.), Mar 31, 1995) the court held that, "Canon 3E(1) requires a judge to *sua sponte* disqualify himself if his impartiality might reasonably be questioned. The Commentary to Canon 3E(1) provides that a judge should disclose on the record information which the judge believes, the parties or their lawyers might consider relevant to the question of disqualification. We conclude that both litigants and attorneys should be able to rely upon judges to comply with their own Canons of Ethics." Stephen V. Wilson failed to comply with Judicial Canon 3E(1) or Canon 2 of Ethics.

36.    U.S. Bank Trust and its attorney Matthew Learned failed to controvert Marques's statement of fact that the alleged assignment from Chase was void as Chase failed to file a lawsuit over the 2011 Reconveyance, and Chase's alleged assignment did not include the subject note:  For there to be a valid assignment, there must be more than just assignment of the deed alone; the note must also be assigned. *See Carpenter v. Longan,* 16 Wall. 271, 83 U.S. 271, 274, 21 L.Ed. 313 (1872) (stating that "[t]he note and mortgage are inseparable; the former as essential, the latter as an incident"; adding that "[a]n assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity").

37.    On October 28, 2011 a Deed of Full Reconveyance Ins. #20111461289 of the Deed of Trust in care of Washington Mutual Bank FA was recorded by

Verified Complaint
Page 8

Equitable Trustee Services, to which JPMorgan Chase Bank failed to object, despite notice and opportunity. By failing to timely file suit as required by law, Chase waived any claim to the property, and was without authority to record the two assignments of deed of trust Ins. #20150930683 and Ins. #20150930664, which U.S. Bank Trust NA fraudulently filed into Case No.2:17-CV-05534-SVW-MRW as the alleged basis of its claim on the property. (See Exhibit B attached).

**38.**    Chase failed to file a lawsuit as required prior to expiration of the Statute of Limitations, which left it without any claim to the alleged loan and DOT, and without authority to make an assignment of the DOT. Chase's failure to file a fraud lawsuit to dispute the record constitutes its admission that the record established by Marques is valid.  As a result, the undisputed substitution of trustee and full reconveyance are validly recorded documents.

**39.**    Kristin Zilberstein's filing in the bankruptcy court, a motion to lift stay, when she knew or should have known that there was no stay in place, and Matthew Learner's filing in state court, the two void California assignments of deed of trust to claim standing, were fraud upon the court.  Judge Wilson, after being made aware of the above, failed to take action about attorneys' misconduct.

40.    **Burden of Pleading and Proof**: With regard to Case No.2:17-CV-05534-SVW-MRW, usually the defendant (Marques et al) has the burden to plead and prove that the statute of limitations has run.  But when the delayed discovery rule is at issue, such as with fraud causes of action (which is the case here), plaintiff (U.S. Bank Trust) has the burden of pleading and proving that he or she did not make the discovery until more than three years after the filing of the complaint. *Samuels v. Mix* (1999) 22 Cal.4th 1, 14. **However, Chase, the only party that could have filed a lawsuit <u>is not the plaintiff here</u>**. Chase, not U.S. Bank, had the burden of filing an action, but, waived that right.

41.    Wilson had factual knowledge that Chase purported to assign the subject DOT six years after Marques recorded of a Reconveyance, exceeding the

Verified Complaint
Page 9

statute of llimitations. Thus, Stephen V. Wilson knew that his court was absent subject matter jurisdiction, but proceeded without jurisdiction, in perjury of his oath of office and Judicial Canon 2.

42.     That the alleged "California Assignments" failed to convey title to U.S. Bank or its alleged LSF9 Master Participation Trust is evidenced by the fact that the documents purport to be <u>assignments of the deed of trust</u>, **not assignments of the subject note**. As plaintiff, Marques stated to the Wilson court: "An assignment of the note carries the mortgage with it, **while an assignment of the latter alone is a nullity**." *Carpenter v. Longan*, 83 U.S. 271; 21 L. Ed. 313; 1872 U.S.LEXIS1157; 16Wall.271 (U.S. 1873).

43.     Defendant, Stephen V. Wilson elected to ignore this statement as well as the precedent set forth at *Carpenter v. Longan*, in violation of Judicial Canon 2, and his oath to be fair and impartial.

44.     The sworn testimony of Reynaldo Marques (see exhibits A, G, H, I) was unrebutted by U.S. Bank's attorney, Mr. Learned.  Pursuant to Fed.R.Civ.P. 8(d) Effect of Failure to Deny, Averments in a pleading to which a responsive pleading is required... **are admitted when not denied in the responsive pleading**. See <u>In re Bane</u>, 228 B.R. 835, 838 (Bankr. W.D. Va., Jun 01, 1998).

45.     Stephen V. Wilson elected to ignore and disregard this fact of record and the precedent set forth in Reynaldo Marques's motions to dismiss, reconsider and sur reply.

46.     Marques stated in his Opposition to U.S. Bank Trust's Motion for Summary Judgment, "<u>it is a logical impossibility that alleged assignor, JPMorgan Chase Bank could assign to plaintiff, U.S. Bank Trust, a deed of trust six years after Chase accepted full settlement</u> from Reynaldo Marques, [see Exhibits 14 and 15 from docket 58, Case No.2:17-CV-05534-SVW-MRW], acquiesced to the terms of said settlement and failed to object when said trust was reconveyed.

47.     Reynaldo Marques further stated in his Opposition to U.S. Bank's motion for summary judgment, that Reynaldo's "repeated challenges regarding court's lack of jurisdiction and plaintiff's lack of standing have been denied, despite court's duty to prove-up jurisdiction after challenge of same, and plaintiff's duty to prove-up standing. Jurisdiction and standing are threshold issues that the court is without discretion to ignore or to deny."

48.     Stephen V. Wilson elected to ignore and disregard this fact of record and continued to proceed without jurisdiction in perjury of his oath to be fair and impartial, and in violation of Judicial Canon 2.

49.     Reynaldo Marques further stated in his Opposition to U.S. Bank's motion for summary judgment, that "Judge Stephen V. Wilson did not follow the law in his rulings: When a judge does not follow the law, i.e. they are a trespasser of the law, the judge loses subject-matter jurisdiction and the judges orders are void, of no legal force or effect. The U.S. Supreme Court, in *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974)."

50.     Reynaldo Marques has repeatedly pointed out to Chase that this sworn testimony by its own employee, Lawrence Nardi, confirms that Chase did not receive from WAMU or FDIC the subject note. This is why Chase executed the void "California assignment," i.e. to create and record the appearance of a valid claim by U.S. Bank Trust as apparent "holder" of the subject note.

51.     Chase was absent any authority to assign a Deed of Trust to U.S. Bank Trust which had been reconveyed four years previously without Chase's objection or the required lawsuit to correct the record by Chase.

52.     Pursuant to the ruling in Carpenter v. Longan 83 U.S. 271; 21 L. Ed. 313; 1872 U.S. LEXIS 1157; 16 Wall. 271 (U.S. 1873), the alleged California assignments proffered by U.S. Bank Trust and Matthew B. Learned, Esq., are a nullity, especially considering that pursuant to FRCP Rule 8(d) U.S. Bank Trust

and Matthew Learned failed to rebut this fact or the precedent cited by Marques in case 2:17-CV-05534-SVW-MRW.

53.     Plaintiff refers to and incorporates U.S. Bank Trust's motion for relief from stay; a true and correct copy is attached hereto as Exhibit "D," and incorporated herein by this reference.

54.     Plaintiff refers to and incorporates the "Discharge of Debtor" filed on 8/27/13 by the Clerk of the U.S. Bankruptcy Court which proves that no bankruptcy stay was in place on 4/20/17, the time U.S. Bank Trust filed its motion for relief from stay; a true and correct copy is attached hereto as Exhibit "E," and incorporated herein by this reference.

55.     Plaintiff refers to and incorporates Judge Mark Wallace's three orders lifting stay and memorandum falsely accusing Reynaldo Marques of crimes; true and correct copies are attached hereto as Exhibit "C," and incorporated herein by this reference.

56.     Plaintiff refers to and incorporates Reynaldo Marques's verified motion to dismiss due to lack of jurisdiction, Case No.2:17-CV-05534-SVW-MRW, Docket # 17, filed on 8/25/2017, (Exhibit "A,") and incorporated herein by this reference. Reynaldo Marques requested that the Wilson court take judicial notice under the authorization of rule 201 of the F.R.E.

57.     Reynaldo Marques refers to and incorporates, the Order by Stephen V. Wilson denying Reynaldo and Anne Marques' verified motion to dismiss, Case No.2:17-CV-05534-SVW-MRW, filed on 9/29/2017 as Docket # 34, (Exhibit "F,") and incorporated herein by this reference. Reynaldo Marques requested that the Wilson court take judicial notice under the authorization of rule 201 of the F.R.E.

58.     Plaintiff refers to and incorporates, Reynaldo Marques's Amended Verified Motion to Reconsider Stephen V. Wilson's court order denying Reynaldo and Anne Marques' motions to dismiss, Case No.2:17-CV-05534-SVW-MRW and Docket # 42, filed on 10/19/2017, (Exhibit "G,") and incorporated herein by this reference.

Reynaldo Marques requested that the Wilson court take judicial notice under the authorization of rule 201 of the F.R.E.

59.     Plaintiff refers to and incorporates, Reynaldo Marques's Sur Reply to U.S. Bank's Opposition, Case No.2:17-CV-05534-SVW-MRW and Docket # 47, filed on 11/13/2017, (Exhibit "H,") and incorporated herein by this reference. Reynaldo Marques requested that the Wilson court take judicial notice under the authorization of rule 201 of the F.R.E.

60.     Plaintiff refers to and incorporates, Reynaldo Marques's Opposition to U.S. Bank's Motion for Summary Judgment, Case No.2:17-CV-05534-SVW-MRW, filed on 12/26/2017, (Exhibit "I,") and incorporated herein by this reference.  Reynaldo Marques requested that the Wilson court take judicial notice under the authorization of rule 201 of F.R.E.

61.     Title 42 U.S. Code § 1983 reads as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

## CONCLUSION

62.     By not ruling on the issue of standing and by allowing this case to proceed without Article 3 standing without Constitutional standing or prudential standing, Wilson is effectively detaining the defendant, which may constitute a false arrest. By not dismissing this case, and not issuing any advisory opinion, Wilson is creating a financial hardship for the defense due to unnecessary and time consuming litigation in violation of due process.

## COUNT ONE

63.     At all times the rights of persons within the jurisdiction of the United States of America under Amendment V, to procedural and substantive due process of

law was in force and effect, including the right to notice and opportunity to be heard. The opportunity to present evidence, before an impartial tribunal having jurisdiction of the cause, fundamental fairness, access to the courts; The right to be free from arbitrary and capricious acts, (*Williams v. Tooke*, 108 F.2d 758 (C.C.A.5 (Tex.), Jan 09, 1940)) And any defendant who violated those Fifth Amendment rights, thereby violated the Fourteenth Amendment to the United States Constitution, which entitles plaintiff to recover damages pursuant to 42 U.S.C. 1983. Defendants conduct proximately caused harm to plaintiff.  United States and the State of California have and foster a policy in violating the 14th Amendment right to due process and took no action to correct it.

## COUNT TWO

64.    At all times the rights of persons within the jurisdiction of the United States of America under Amendment V, to procedural and substantive due process of law was in force and effect, including the right to due process, impartial treatment, honest services and the constitutional right to rely upon precedent cited. Stephen V. Wilson demonstrated willful misconduct in violation of my constitutional rights and after notice by Reynaldo Marques that his alleged courts lacked subject matter jurisdiction, failed to prove-up of jurisdiction, and proceeded without jurisdiction in violation of  18 USC § 241 -Deprivation of Rights under Color of Law, and 18 USC § 1346 Honest Services Fraud.

## COUNT THREE

65.    Kristin A. Zilberstein, Esq., and Matthew B. Learned, who as officers of the court have sworn an oath to bring no false claim, perjured their oaths, and brought fraud upon the court. Ms. Zilberstein knowingly and with malice of forethought, brought a fraud upon the court by filing a motion for relief from stay, where there was no bankruptcy stay in place to obtain an order legitimizing U.S. Bank Trust's false claim. Matthew B. Learned knowingly and with malice of forethought, perjured his oath to bring no false claim; brought a fraud upon the court by filing a false and

malicious claim on behalf of U.S. Bank Trust, without basis, and without standing as part of a scheme to circumvent the statute of limitations with regard to Chase's failure to timely file a fraud lawsuit to correct the record.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Reynaldo Marques demands and prays for judgment to be entered in his favor and against defendants as follows:

1.      On Count I, a finding that the acts and omissions of DEFENDANTS, and each of them, was in violation of 42. U.S.C. 1983 and is therefore contrary to law.

2.      On Count II, a finding that the acts and omissions of Stephen V. Wilson is in violation of 18 USC § 241; Deprivation of Rights under Color of Law, and 18 USC § 1346 Honest Services Fraud, 5 USC § 502; Limitations on outside employment.

3.      On Count III, a finding that the acts and omissions of Kristin A. Zilberstein, Esq., and Matthew B. Learned are in violation of Penal Code 182 subdivision 4, and 18 USC § 1346 Honest Services Fraud.

4.      Issue injunctive relief commanding defendant Stephen V. Wilson to dismiss the underlying case with prejudice, and a permanent injunction on the continuing activities of DEFENDANTS, U.S. Bank Trust, N.A., Stephen V. Wilson, Matthew B. Learned, and Kristin A. Zilberstein. And each of them in the underlying matter.

5.      Issue an order vacating the void orders which grant relief from bankruptcy stay, where there was no stay in place, and to vacate the void memorandum issued by Mark Wallace falsely accusing Reynaldo Marques of crimes.

6.      Issue declaratory relief as this Court deems appropriate and just.

7.      An Entry directing DEFENDANTS, and each of them to

   A. Pay $5,000,000 to plaintiff

   B. Pay interest at the statutory rate from January 8, 2018, the date of filing of this Complaint.

8.    Provide Plaintiff any other relief that the Court deems just and proper.

9.    Award plaintiffs their costs of litigation.

Dated: January 7, 2017

Reynaldo Francisco Marques,

PLAINTIFF, In pro per

**VERIFICATION**

The foregoing Verified Complaint is by the hand of Reynaldo-Francisco: Marques, and is given subject to the penalties of perjury under the laws of this California Republic and the United States of America.

Dated: January 7, 2018

Reynaldo Francisco Marques

Verified Complaint
Page 16

## DECLARATION OF REYNALDO MARQUES

I, Reynaldo Francisco Marques, the Affiant, do solemnly swear, declare, and depose:

1       THAT I am competent to state to the matters set forth herein.

2       THAT I have personal knowledge of the facts stated herein.

3       THAT all the facts stated herein are true, correct, and certain, admissible as evidence, and if called upon as a witness, I/we will testify to their veracity.

4       THAT the record of Case No.2:17-CV-05534-SVW-MRW shows clearly that the only alleged evidence submitted by Matthew Learned, Esq., on behalf of U.S. Bank Trust in  support of its claim of standing, are two "California Assignments," which purport to be <u>assignments of the alleged DOT</u>, **not the promissory note itself**.

5       THAT the record of Case No.2:17-CV-05534-SVW-MRW shows that the putative note is not in evidence.

6       THAT Marques et al, stated in their motions that "An assignment of the note carries the mortgage with it, while an assignment of the latter [DOT] alone is a nullity." <u>Carpenter v. Longan</u>, 83 U.S. 271; 21 L. Ed. 313; 1872 U.S. LEXIS 1157; 16 Wall. 271 (U.S. 1873).

7       THAT the record of Case No.2:17-CV-05534-SVW-MRW shows that after notice and opportunity to prove-up from the record that U.S. Bank Trust had standing, Matthew Learned and U.S. Bank Trust failed to prove-up standing as required.

8       THAT after notice and opportunity to prove-up from the record that the court has jurisdiction, Stephen V. Wilson, in Case No.2:17-CV-05534-SVW-MRW failed to prove-up jurisdiction.

9       THAT the record of Case No.2:17-CV-05534-SVW-MRW shows that U.S. Bank Trust failed to prove-up the existence of the alleged LSF9 Master Participation Trust; failed to produce the alleged note; failed to provide any evidence that the note was assigned from FDIC to Chase, or from Chase to U.S. Bank Trust as alleged trustee for the alleged LSF9 Master Participation Trust.

Verified Complaint
Page 17

10      THAT the record of Case No.2:17-CV-05534-SVW-MRW shows that Judge Stephen Wilson's denial of defendants' motion to dismiss is unsupported by and is contrary to the facts of record.

11      THAT the record of Case No.2:17-CV-05534-SVW-MRW shows that Judge Wilson has failed to acknowledge facts of record showing plaintiff's lack of standing and court's lack of jurisdiction, and has perjured his oath to be fair and impartial, and denied defendants their due process right to be heard.

12      THAT Marques, having acknowledged the above facts, believes that this constitutes evidence of bias against Marques et al, and in favor of U.S. Bank.

13 THAT Wilson did not allow an oral hearing on Marques's Motion to Dismiss U.S. Bank Trust's complaint or Marques's Motion in Limine, both filed on 8/25/2017

14      THAT Wilson failed to rule on Marques's Request for Judicial Notice, filed on 9/18/2017 as docket no. 28.

15      THAT Wilson failed to rule on Marques's Verified Objection to U.S. Bank Trust's Request for Judicial Notice (see docket no. 29 filed 9/18/2017).

16      THAT Wilson failed to answer or rule upon defendants' Request for Clarification of the Order entered on 9/29/2017 denying Marques's Motion to Dismiss due to U.S. Bank Trust's lack of standing and the court's lack of jurisdiction (see docket no. 37 filed on 10/06/2017).

17      THAT Wilson failed to hold a hearing on Marques's amended and verified motion under rule 59e to reconsider court's order denying Marques et al's motion to dismiss U.S. Bank Trust's complaint (see docket no. 42, filed on 10/19/2017).

18      THAT Stephen V. Wilson failed to rule on Marques's Opposition to U.S. Bank Trust's ex parte application for order approving joint 26f report prior to the hearing on defendants' Amended Motion for Reconsideration that was to be held on 11/20/2017 (see docket no. 46 filed on 11/02/2017).

19    THAT Wilson failed to adhere to precedent cited by Marques et al in their verified motions to dismiss and to reconsider court's order, and Stephen V. Wilson's failed to uphold Marques et al's Constitutional right to rely upon said precedent.

20    THAT the record of Case No.2:17-CV-05534-SVW-MRW shows that Wilson denied Marques et al, due process and failed to be fair and impartial.

21    THAT the record of Case No.2:17-CV-05534-SVW-MRW shows that Stephen V. Wilson did not enforce the requirement that plaintiff, U.S. Bank Trust, prove the existence of the alleged "LSF9 Master Participation Trust" as a legal person, after Marques et al specifically challenged the existence of the alleged trust in their verified motion to dismiss, (page 4, lines 4-8).

22    THAT the record of Case No.2:17-CV-05534-SVW-MRW shows that Wilson denied Marques et al  their constitutionally guaranteed right to rely on precedent established at Hagin vs. Levine and Maine v. Thiboutot when he refused to prove-up jurisdiction after challenge of same by Marques et al  in their verified motion to dismiss (page 5, lines 1-9).

23    THAT the record of Case No.2:17-CV-05534-SVW-MRW shows that Wilson ignored Marques et al's sworn statement that plaintiff, U.S. Bank Trust N.A., brought a fraud upon the court.

24    THAT the record of Case No.2:17-CV-05534-SVW-MRW shows that Stephen V. Wilson denied Marques et al their due process right to heard by denying Marques et al's right to make oral argument.

25    THAT the record of Case No.2:17-CV-05534-SVW-MRW shows that Judge Stephen V. Wilson turned the motion for reconsideration hearing into a pre-trial conference and commenced to litigate the case on behalf of plaintiff, in violation of Marques et al's right to be heard and to a fair hearing.

26    THAT the record of Case No.2:17-CV-05534-SVW-MRW shows clear bias and prejudice by Stephen V. Wilson against Marques et al. The record of Case No.2:17-CV-05534-SVW-MRW also shows that Stephen V. Wilson failed to comply with

Marques et al's fundamental rights under 5th Amendment of The Constitution for the United States of America, and failed to uphold the Federal Rules of Civil Procedure, Rules 5, 6, 7 on motions.

27      THAT the record of Case No.2:17-CV-05534-SVW-MRW shows that Judge Wilson did not give notice to the parties; that he refused to allow Marques et al to present argument and evidence in violation of F.R.C.P. Rules 5, 6, 7 on motions and the 5th Amendment of the Constitution, and denied Marques et al their constitutional rights.

28      THAT on 11/20/2017 hearing of Marques <u>only</u> motion for reconsideration, Wilson sated: "Now, the court has already decided the motion and has twice denied the motions for reconsideration – two motions for reconsiderations; so I'm not going to hear further motions in that regard." (See Exhibit K attached)

**Failure to correct is evidence of the reliability of facts and conclusions.**

Affiant calls upon any interested party who professes to be in a position to know, first-hand that any fact and/or conclusion presented herein is not true and/or accurate and/or correct, to provide the Affiant with a detailed, written, valid correction of each fact and/or conclusion herein that is not true and/or accurate and/or correct.  Failure to do so will be used by the Affiant as evidence that the facts and conclusions presented herein are, in fact, true, accurate, and correct.

FURTHER AFFIANT SAITH NOT.

Dated: January 7, 2018
Respectfully Submitted by:                         
Reynaldo Marques

Verified Complaint
Page 20

# CALIFORNIA ALL PURPOSE ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                    }

COUNTY OF ORANGE _____ }

On Jan. 7, 2018 before me , Elisa A. Garcia, _____ Notary Public,

      Date                                       (here insert name and title of the officer)

personally appeared Reynaldo Marques _____

_____ ~~~~~~~~ _____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> ELISA A. GARCIA
> Notary Public - California
> Orange County
> Commission # 2217044
> My Comm. Expires Oct 7, 2021

Signature: Elisa A. Garcia          (Seal)

_____ OPTIONAL _____

Description of Attached Document

Title or Type of Document: Declaration of Reynaldo Marques  Number of Pages: 20

Document Date: Jan. 7, 2018   Other: _____

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF ORANGE:

I am over the age of 18 and not a party to the within action; my address is 2962 Copa De Oro, Los Alamitos California 90720.

On January 8, 2018, I served the foregoing document described as: VERIFIED COMPLAINT on the interested parties in this action:

Stephen V. Wilson, Judge                     Kristin Zilberstein, Esq.
First Street Courthouse,                     McCarthy and Holthus, LLP
350 W. 1st Street,                           1770 Fourth Avenue
Courtroom 10A, 10th Floor,                   San Diego, CA 92101
Los Angeles, California 90012

                                             Matthew B. Learned, Esq.
U.S. Bank Trust                              McCarthy and Holthus, LLP
c/o: McCarthy and Holthus, LLP               1770 Fourth Avenue
1770 Fourth Avenue                           San Diego, CA 92101
San Diego, CA 92101

By enclosing a true copy in a sealed envelope with postage fully prepaid and by depositing the envelope in a mail box regularly maintained by the United States Postal Service.

   Date of Deposit:  January 8, 2018
   Place of Deposit: Los Alamitos, California

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   _Mary Cunningham_            _Mary Cunningham_ (signature)
   Type or Print Name          Signature

Verified Complaint
Page 22

Exhibit list to civil rights complaint

EXHIBIT A - Marques Motion to Dismiss US Bank Trust Complaint.

EXHIBIT B - California Assignments of subject Deed of Trust-attached.

EXHIBIT C - Orders from Wallace Granting Motion from Relief from Stay-attached.

EXHIBIT D - Motion for Relief from Stay by US Bank Trust- Grant Ave-attached.

EXHIBIT E - Discharge of Debtor by Clerk of the Bankruptcy Court-attached.

EXHIBIT F - Order on Motion to Dismiss US Bank Trust complaint.

EXHIBIT G - Amended Motion to Reconsider order denying motion to dismiss.

EXHIBIT H - Sur Reply to Opposition to Motion to Dismiss.

EXHIBIT I - Opposition to US Bank Trust Request for Summary Judgment.

EXHIBIT J- Transcripts on Motion for Relief from Stay hearing-Grant Av-attached.

EXHIBIT K- Transcripts on Motion for Reconsideration-attached

Exhibit "B"

**This page is part of your document - DO NOT DISCARD**





## 20150930683





**Pages:**
**0005**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
California

**07/30/15 AT 01:28PM**

| | |
|---|---|
| FEES: | 27.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 27.00 |



**L E A D S H E E T**



201507302850116

**00010817361**



006938035

**SEQ:**
**01**

DAR - Mail (Intake)



**THIS FORM IS NOT TO BE DUPLICATED**

E534541



Temp Doc Number: 10817361

Batch Number: 6938035

Recording Requested By:
PeirsonPatterson, LLP
And When Recorded Mail To:
PEIRSONPATTERSON, LLP
ATTN: RECORDING DEPT.
13750 OMEGA ROAD
DALLAS, TX 75244-4505

————————————[Space Above This Line For Recording Data]————————————

Loan No.: 0707828273

# CALIFORNIA ASSIGNMENT OF DEED OF TRUST

For Value Received, **THE FEDERAL DEPOSIT INSURANCE CORPORATION, A CORPORATION ORGANIZED AND EXISTING UNDER AN ACT OF CONGRESS (FDIC), WHOSE ADDRESS IS 1601 BRYAN STREET, DALLAS, TX 75201, AND ACTING IN ITS RECEIVERSHIP CAPACITY AS RECEIVER OF WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA,** the undersigned holder of a Deed of Trust (herein "Assignor") does hereby grant, sell, assign, transfer and convey, unto **JPMorgan Chase Bank, National Association,** (herein "Assignee"), whose address is **700 KANSAS LANE MC 8000, MONROE, LA 71203,** all beneficial interest under a certain Deed of Trust dated **November 2, 2005** and recorded on **November 10, 2005,** made and executed by **REYNALDO F MARQUES AND ANN MARQUEZ AND RICARDO F MARQUES,** to **CALIFORNIA RECONVEYANCE COMPANY,** Trustee, upon the following described property situated in **LOS ANGELES** County, State of California:
Property Address: **2117 GRANT AVENUE UNIT #3, REDONDO BEACH, CA 90278**

See exhibit "A" attached hereto and made a part hereof.

such Deed of Trust having been given to secure payment of **Five Hundred Twenty One Thousand Two Hundred Fifty and 00/100ths ($521,250.00),** which Deed of Trust is of record in Book, Volume, or Liber No. N/A, at Page N/A (or as No. **05 2725316**), in the Office of County Recorder of **LOS ANGELES** County, State of California.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

This Assignment is intended to further memorialize the transfer that occurred by operation of law on **September 25, 2008** as authorized by Section 11(d)(2)(G)(i)(II) of the Federal Deposit Insurance Act, 12 U.S.C. §1821(d)(2)(G)(i)(II).





* 2 - 2 0 7 5 5 7 *          * 0 7 0 7 8 2 8 2 7 3 *

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Deed of Trust on
03-11-15



Assignor:
**JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, AS ATTORNEY IN FACT FOR THE
FEDERAL DEPOSIT INSURANCE CORPORATION
AS RECEIVER OF WASHINGTON MUTUAL BANK
F/K/A WASHINGTON MUTUAL BANK, FA *POA**
recorded on 9/17/14 in Book/Volume, or Liber No: N/A
at page: N/A or as No: 20140985569, in the Office of
County Recorder of LOS ANGELES County, State of
California.

By: _____

                        Raul Johnson

Its: _____
                        **Vice-President**

 

## ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of Louisiana                                         §
                                                          §
Parish of Ouachita                                        §

On this day, _O3-11-15_, before me _Y. K. Wilson_ *Notary Public* appeared _____Raul Johnson_____, to me personally known, who, being by me duly sworn did say that he/she is the _____**Vice-President**_____, of JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS ATTORNEY IN FACT FOR THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA *POA recorded on 9/17/14 in Book/Volume, or Liber No: N/A at page: N/A or as No: 20140985569, in the Office of County Recorder of LOS ANGELES County, State of California., and that the seal affixed to said instrument is the seal of said entity and that the instrument was signed in behalf of the said entity by authority of its Board of Directors or Trustees and that _Raul Johnson_ acknowledged the instrument to be the free act and deed of the said entity.

*Y.K. Wilson*
*Notary Public #064399*
*Ouachita Parish, LA*
*Lifetime Commission*

Notary Public
*Y. K. Wilson*

Printed Name

(Seal)

My Commission Expires: *Lifetime*


* 2 - 2 0 7 5 5 7 *


* 0 7 0 7 8 2 8 2 7 3 *

# EXHIBIT "A"

## LEGAL DESCRIPTION

A CONDOMINIUM COMPRISED OF:

(A)  AN UNDIVIDED ONE-THIRD INTEREST IN PARCEL 1 OF PARCEL MAP NO. 14028, IN THE CITY OF REDONDO BEACH, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 137, PAGE 85 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM THE FOLLOWING:

1.  UNITS 1 THROUGH 3 AS SHOWN AND DEFINED UPON THE CONDOMINIUM PLAN RECORDED DECEMBER 29, 1981, AS INSTRUMENT NO. 81-1268459, OFFICIAL RECORDS OF SAID COUNTY.

2.  THE EXCLUSIVE RIGHT OF POSSESSION OF ALL THOSE RESTRICTED COMMON AREAS DESIGNATED AS GARAGES ("G"), DECKS ("D"), PATIOS ("P") AND BALCONIES ("L") AS SHOWN AND DEFINED UPON THE CONDOMINIUM PLAN ABOVE REFERRED TO.

(B)  UNIT 3, AS SHOWN UPON THE CONDOMINIUM PLAN ABOVE REFERRED TO.

(C)  THE EXCLUSIVE RIGHT TO POSSESSION AND OCCUPANCY OF THOSE PORTIONS OF PARCEL 1 DESCRIBED IN (A) ABOVE, DESIGNATED AS D-3, G-3, L-3 AND P-3, AS APPURTENANT TO (A) AND (B) DESCRIBED ABOVE.

**This page is part of your document - DO NOT DISCARD**



## 20150930664



**Pages:**
**0004**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**07/30/15 AT 01:27PM**

| | |
|---|---:|
| FEES: | 24.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 24.00 |



**L E A D S H E E T**



201507302850115

**00010817353**



006938031

**SEQ:**
**01**

DAR - Mail (Intake)



**THIS FORM IS NOT TO BE DUPLICATED**

E534541

Temp Doc Number:10817353

Batch Number:6938031

Recording Requested By:
PeirsonPatterson, LLP
And When Recorded Mail To:
PEIRSONPATTERSON, LLP
ATTN: RECORDING DEPT.
13750 OMEGA ROAD
DALLAS, TX 75244-4505

———————————————*[Space Above This Line For Recording Data]*————————————————

Loan No.: 0707828273

# CALIFORNIA ASSIGNMENT OF DEED OF TRUST

For Value Received, **JPMorgan Chase Bank, National Association**, the undersigned holder of a Deed of Trust (herein "Assignor") does hereby grant, sell, assign, transfer and convey, unto **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust**, (herein "Assignee"), whose address is **2711 N Haskell Ave, Suite 1700, Dallas, TX 75204**, all beneficial interest under a certain Deed of Trust dated **November 2, 2005** and recorded on **November 10, 2005**, made and executed by **REYNALDO F MARQUES AND ANN MARQUEZ AND RICARDO F MARQUES**, to **CALIFORNIA RECONVEYANCE COMPANY**, Trustee, upon the following described property situated in **LOS ANGELES** County, State of California:
Property Address: **2117 GRANT AVENUE UNIT #3, REDONDO BEACH, CA 90278**

**See exhibit "A" attached hereto and made a part hereof.**

such Deed of Trust having been given to secure payment of **Five Hundred Twenty One Thousand Two Hundred Fifty and 00/100ths ($521,250.00)**, which Deed of Trust is of record in Book, Volume, or Liber No. N/A, at Page N/A (or as No. **05 2725316**), in the Office of County Recorder of **LOS ANGELES** County, State of California.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Deed of Trust on
_03 - 11 - 15_ .



Assignor:
**JPMorgan Chase Bank, National Association**

By: _____
    Raul Johnson

Its: _____
    **Vice-President**

California Assignment of Deed of Trust
JPMorgan Chase Bank N.A. Project W3027                Page 1 of 2                L73108CA 01/12 Rev. 02/14

*1 - 2 0 6 9 1 1 *



## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of **Louisiana**          §
                                §
Parish of **Ouachita**          §

On this day, **03-12-15**, before me **Y. K. Wilson    Notary Public**
appeared **Raul Johnson**, to me personally known, who, being by me duly sworn did say that he/she is the **Vice-President**, of **JPMorgan Chase Bank, National Association,** and that the seal affixed to said instrument is the seal of said entity and that the instrument was signed in behalf of the said entity by authority of its Board of Directors or Trustees and that **Raul Johnson** acknowledged the instrument to be the free act and deed of the said entity.

*Y.K. Wilson*
*Notary Public #064399*
*Ouachita Parish, LA*
*Lifetime Commission*



Notary Public
*Y. K. Wilson*

Printed Name

(Seal)

My Commission Expires: *Lifetime*

California Assignment of Deed of Trust
JPMorgan Chase Bank N.A. Project W3027          Page 2 of 2          L73108CA 01/12 Rev. 02/14



*1 - 2 0 6 9 1 1 *



*0 7 0 7 8 2 8 2 7 3 *

# EXHIBIT "A"

## LEGAL DESCRIPTION

A CONDOMINIUM COMPRISED OF:

(A)  AN UNDIVIDED ONE-THIRD INTEREST IN PARCEL 1 OF PARCEL MAP NO. 14028, IN THE CITY OF REDONDO BEACH, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 137, PAGE 85 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM THE FOLLOWING:

1.  UNITS 1 THROUGH 3 AS SHOWN AND DEFINED UPON THE CONDOMINIUM PLAN RECORDED DECEMBER 29, 1981, AS INSTRUMENT NO. 81-1268459, OFFICIAL RECORDS OF SAID COUNTY.

2.  THE EXCLUSIVE RIGHT OF POSSESSION OF ALL THOSE RESTRICTED COMMON AREAS DESIGNATED AS GARAGES ("G"), DECKS ("D"), PATIOS ("P") AND BALCONIES ("L") AS SHOWN AND DEFINED UPON THE CONDOMINIUM PLAN ABOVE REFERRED TO.

(B)  UNIT 3, AS SHOWN UPON THE CONDOMINIUM PLAN ABOVE REFERRED TO.

(C)  THE EXCLUSIVE RIGHT TO POSSESSION AND OCCUPANCY OF THOSE PORTIONS OF PARCEL 1 DESCRIBED IN (A) ABOVE, DESIGNATED AS D-3, G-3, L-3 AND P-3, AS APPURTENANT TO (A) AND (B) DESCRIBED ABOVE.

Exhibit "C"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>JaVonne M. Phillips, Esq. SBN 187474<br>Kristin A. Zilberstein, Esq. SBN 200041<br>**McCarthy & Holthus, LLP**<br>1770 Fourth Avenue<br>San Diego, CA 92101<br>Phone (877) 369-6122<br>Fax (619) 685-4811<br>bknotice@mccarthyholthus.com | FOR COURT USE ONLY |
|---|---|
| | FILED & ENTERED<br><br>MAY 19 2017<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY bolte    DEPUTY CLERK<br><br><br>CHANGES MADE BY COURT |
| ☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br><br>Reynaldo F Marques, | CASE NO.: 8:12-bk-22571-MW |
|---|---|
| | CHAPTER: 7 |
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** |
| | DATE: 5/15/2017<br>TIME: 9:00 AM<br>COURTROOM: 6C<br>PLACE: 411 West Fourth Street, Santa Ana CA |
| Debtor(s). | |

**Movant:** U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

   *Street address:*    2117 Grant Avenue
   *Unit/suite number:*    Unit #3
   *City, state, zip code:*    Redondo Beach, CA 90278

   Legal description or document recording number (including county of recording): 05 2725316, Los Angeles County, California

   ☐ See attached page.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 1                                    **F 4001-1.RFS.RP.ORDER**