# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV-18-151 PSG | Date | January 22, 2018 |
|---|---|---|---|
| Title | Reynaldo Francisco Marques v. Stephen V. Wilson, et al. | | |

Present: The Honorable **Philip S. Gutierrez, United States District Judge**

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** Order to Show Cause why Complaint Should Not Be Dismissed

Before the Court is Plaintiff Reynaldo Francisco Marques's ("Plaintiff") complaint against Judge Stephen V. Wilson, Michael B. Learned, Esq., Kristin B. Zilberstein, Esq., and U.S. Bank Trust ("Defendants"). Dkt. #1. After reviewing the complaint, the Court is not convinced that it satisfies Federal Rule of Civil Procedure 8. Therefore, the Court orders Plaintiff to show cause why the Complaint should not be dismissed.

Rule 8(a)(2) requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) for failing to comply with Rule 8 if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, but the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.'" *Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981) (quoting *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979)) (citations omitted); *see also Wright v. United States*, No. 3:14-CV-03008-CRB, 2015 WL 3902798, at *3 (N.D. Cal. June 24, 2015) (applying *Wong*).

In his complaint, Plaintiff alleges that Judge Stephen V. Wilson violated Plaintiff's constitutional rights by filing orders in Plaintiff's bankruptcy case. Plaintiff's allegations against the judge arise solely from Plaintiff's dissatisfaction with the judges' handling of the motions in that case. Because the doctrine of judicial immunity protects judges from liability resulting from their judicial actions, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991), such allegations do not form a viable cause of action and are properly dismissed. *See Bradley v. Fisher*, 80 U.S. 335, 347

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-18-151 PSG | Date | January 22, 2018 |
|---|---|---|---|
| Title | Reynaldo Francisco Marques v. Stephen V. Wilson, et al. | | |

(1872) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."). Judge Wilson is accordingly dismissed from the action and claims against him are **DISMISSED WITH PREJUDICE**.

Plaintiff alleges that the two attorneys representing the bank in the bankruptcy action violated Penal Code § 182, which is a criminal code and not a basis for a civil claim. He also alleges a violation of 18 U.S.C. § 1346, honest services fraud, for their actions as attorneys during their representation of the bank. That statute applies to "fraudulent schemes to deprive another of honest services through bribes or kickbacks supplied by a third party who ha[s] not been deceived," *see Skilling v. U.S.*, 561 U.S. 358, 364 (2010). Plaintiff has alleged no facts to support this claim, and the attorneys for the opposing party did not have a fiduciary duty to Plaintiff that could be breached pursuant to § 1346.

Plaintiff further alleges § 1983 violations committed by all Defendants for violations of his civil rights under color of law. That statute requires state action, which cannot be attributed to any of the Defendants and cannot therefore form the basis of that claim.

The Court therefore orders Plaintiff Marques to show cause in writing by **February 12, 2018** why the Court should not dismiss this action for failure to state a claim upon which relief can be granted. Failure to respond as ordered will result in this case being dismissed with prejudice.

**IT IS SO ORDERED.**